# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ARMIDA RIVERA,

    Plaintiff,

v.

RECONTRUST COMPANY, N.A., *et al.*,

    Defendants.

Case No. 2:11-CV-01695-KJD-PAL

**ORDER**

    Presently before the Court is the Motion to Dismiss (#10) filed by Defendants Bank of America, N.A., ReconTrust Company, N.A., and Mortgage Electronic Registration Systems, Inc. ("MERS").  Plaintiff Armida Rivera filed a response in opposition (#15) to which Defendants replied (#16).  Plaintiff also moved for leave to file Sur-Reply (#17).

I. Background

    On November 7, 2005, Plaintiff Armida Rivera borrowed $207,120 from MILA, Inc., secured by a Deed of Trust on the property (the "Property") located at 6612 Silver Penny Ave., Las Vegas, Nevada.  The Deed of Trust was recorded on November 14, 2005 naming Plaintiff as Borrower, MILA Inc. as Lender, Fidelity National Title as Trustee, and MERS as Lender's Nominee and Beneficiary.  ReconTrust Company, N.A. was substituted as Trustee on November 18, 2005, and the substitution was recorded on December 5, 2005 by MERS as Beneficiary.  Plaintiff admits to having

defaulted on the loan in 2008. On October 24, 2008, Plaintiff filed a voluntary Petition for Bankruptcy with the U.S. Bankruptcy Court in the District of Nevada.  On Schedule D of the filing, "Creditors Holding Secured Claims," Plaintiff listed as an encumbrance against the Property, a mortgage held by Countrywide Home Loans in the amount of $207,119.  Additionally, in the "Chapter 7 Individual Debtor's Statement of Intention," Plaintiff indicated her intent to surrender the Property as part of the bankruptcy plan.  She did not identify any potential claims against Defendants. On February 2, 2009, Plaintiff's Petition for bankruptcy discharge under Chapter 7 was granted.

After being substituted as Trustee, and because Plaintiff stopped making the mortgage payments, ReconTrust recorded a Notice of Default on April 7, 2009.  Plaintiff does not dispute that she stopped making the mortgage payments, nor does she dispute that foreclosure has not yet occurred.

On October 20, 2011, Plaintiff filed her Complaint (#1) alleging causes of action against Defendants for (1) violation of N.R.S. §§107 and 205; (2) negligence and negligence per se; (3) fraud and conspiracy; (4) quiet title; (5) violation of the Truth in Lending Act (15 USC 1641(g)(1) "TILA"); and (6) injunctive relief.  Plaintiff is requesting equitable relief enjoining Defendants from advertising or selling the Property at foreclosure. Additionally, Plaintiff requests punitive and statutory damages, attorney's fees and costs, emotional and mental distress damages, and other "just" and "further relief as the court deems just and proper."

Defendants move to dismiss based on judicial estoppel and failure to state a claim.

II. Discussion

A.  Legal Standard for Motion to Dismiss

Pursuant to Federal Rule of Procedure Rule 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted.  In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir.1998) (citation omitted).  Consequently, there is a strong

presumption against dismissing an action for failure to state a claim. See <u>Gilligan v. Jamco Dev. Corp.</u>, 108 F.3d 246, 249 (9th Cir.1997) (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>  The plausibility standard is "more than a sheer possibility that a defendant has acted unlawfully," yet less than a "probability requirement." <u>Id.</u>  The <u>Iqbal</u> evaluation illustrates a two prong analysis.  First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  <u>Id.</u> at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." <u>Id.</u> at 1951.  If the allegations state plausible claims for relief, such claims survive the motion to dismiss. <u>Id.</u> at 1950.

### B.  Legal Standard for a *Pro Se* Litigant

Plaintiff is representing herself *pro se*.  *Pro se* litigants are not held to the same standard as admitted or bar licensed attorneys. <u>Haines v. Kerner</u>, 404 U.S. 519, 520–21 (1972). Pleadings by *pro se* litigants, regardless of deficiencies, should only be judged by function, not form. <u>Id.</u>  However, a *pro se* plaintiff is not entirely immune from the rules of civil procedure.  Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.1987).

### C.  Judicial Estoppel

The test for judicial estoppel requires the movant to show that: (1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not

taken as a result of ignorance, fraud, or mistake. Delgado v. American Family Ins. Group, 2009 WL3151165, *4 (Nev. Oct. 1, 2009) (quoting Marcuse v. Del Webb Communities, 163 P.3d 462 468-69 (Nev.2007).

During the bankruptcy proceedings, Plaintiff did not challenge the security interests encumbering the Property and did not dispute the right of any beneficiary, successor, assign, or trustee under the deed of trust. Instead, she indicated her intent to surrender the property to her creditors and did not list any claims against them. Plaintiff's assertions were successful because the bankruptcy court accepted them and discharged the bankruptcy. Furthermore, Plaintiff's representations during the bankruptcy proceedings were not taken as a result of ignorance, fraud, or mistake because she had actual notice of those rights beginning in 2005 when she signed the deed of trust.

Plaintiff's positions in this case are totally inconsistent with those taken in the bankruptcy proceeding. Accordingly, the Plaintiff is barred by the doctrine of judicial estoppel from asserting the claims presented in her Complaint. However, even if the doctrine of judicial estoppel did not apply, the Complaint would still be subject to dismissal as discussed *infra*.

D.  Wrongful Foreclosure Claim

Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. See Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983) (reversing summary judgment where there was a dispute of fact about whether nonpayment was appropriate); see also, Haley v. Elegen Home Lending, LP, 2010 WL 1006664, at *1 (D.Nev. 2010) ("[a]n action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract").

Plaintiff cannot state a claim for wrongful foreclosure here because she does not dispute that she is in default and that the lender has not yet exercised the power of sale. Accordingly, the motion to dismiss this claim is granted.

4

### E. Negligence Claim

In order to state a claim for negligence against Defendants, Plaintiff must establish that (1) Defendants owed her a duty of care; (2) Defendants breached this duty of care; (3) the breach was the legal and proximate cause of Plaintiff's injury; and (4) the Plaintiff suffered damages.[1]  See Hammerstein v. Jean Dev. West, 907 P.2d 975, 977 (Nev. 1995).

Defendants' Motion to Dismiss argues that Plaintiff did not: (1) allege a specific duty of care; (2) indicate which parties breached the duty and how; (3) indicate how the breach caused damages; or (4) identify the extent of the damages.  Plaintiff has not provided meaningful points and authorities in opposition to Defendants' argument.  Local Rule 7-2(d) provides that the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.  Accordingly, this claim is dismissed.

### F. Fraud and Conspiracy Claim

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed R. Civ. P. (9)(b).  The complaint must "identif[y] the circumstances of the alleged fraud so that defendants can prepare an adequate answer." Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).  "[A]n underlying cause of action for fraud is a necessary predicate to a cause of action for conspiracy to defraud." Goodwin v. Executive Trustee Serv's LLC, 680 F. Supp 2d 1244 at 1254 (D. Nev. 2010).

Plaintiff's supports her allegations of "fraud in the mortgage assignments and irregularity" with the legal conclusion that "Defendants created fraudulent documents" based on "un-authorized signatures."  The Plaintiff fails to allege facts from which the Court could draw the reasonable inference that any of the people who signed the documents were not authorized to do so.  The fraud claim is thus not plausible on its face because Plaintiff has failed to state the circumstances of the

---

[1] Plaintiff also alleges negligence *per se* which is not a separate cause of action. For negligence *per se* to apply, a plaintiff must allege a statute giving rise to a duty of care. Ashwood v. Clark County, 113 Nev. 80, 86, 930 P.2d 740,744 (1997). Plaintiff fails to identify a specific statute which imposes a specific standard of conduct upon Defendants.  Accordingly, Plaintiff's negligence *per se* claim fails.

fraud with sufficient particularity.  Likewise, Plaintiff's conspiracy claim has not been pled with sufficient particularity because the requisite underlying cause of action for fraud fails.  Furthermore, the Plaintiff has failed to provide meaningful points and authorities in opposition to Defendants' Motion to dismiss the fraud and conspiracy claim.  See LR 7-2.  Accordingly, the motion to dismiss is granted.

G.  TILA Claim

15 USC 1641(g) (TILA) requires that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer."  This disclosure requirement applies only to creditors and became effective May 20, 2009.  15 USC 1641(g); see also Angelini v. Bank of America, 2011 WL 2433485, at *5 (D. Or. Apr. 27, 2011).  A plaintiff alleging a violation of 15 USC § 1641(g) must plead both a transaction that would give rise to Defendants' obligation to notify under 1641(g), and a failure on the part of the Defendants to notify.  Ades v. Citi Mortgage, Inc., 2011 WL 4402754, at *5 (D. Nev. Sept. 20, 2011).

Plaintiff's complaint does not contain facts sufficient for the court to reasonably infer an obligation of Defendants' to notify under TILA.  First, the disclosure requirement applies only to creditors but Plaintiff maintains that the Defendants are not her creditors.  Second, the requirement only became effective May 20, 2009, but Plaintiff makes no allegation of when a loan transfer occurred.  Finally, TILA applies only to transfers of an obligation, however, Plaintiff fails to allege more than a mere possibility that there has been a transfer.  Thus, Plaintiff has not sufficiently pled a violation of TILA.  Accordingly, this claim fails.

H.  Quiet Title Claim

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property.  N.R.S. §40.010.  In a quiet title action, "the burden of proof rests with the plaintiff to prove good title in h[er]self."  Velazquez v. Mortgage Electronic Registration Systems, Inc., slip op., 2011 WL 1599595, at *2 (D.Nev. Apr.27, 2011) (quoting Breliant v. Preferred Equities

Corp., 112 Nev. 663, 918 P.2d 314, 318 (Nev.1996)). Specifically, when an adverse claim exists, the party seeking to have another party's right to property extinguished, must overcome the "presumption in favor of the record titleholder."  Breliant v. Preferred Equities Corp., 112 Nev. 663, 918 P.2d 314, 318 (Nev.1996) (citing Biasa v. Leavitt, 101 Nev. 86, 692 P.2d 1301, 1304 (Nev.1985).  Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property.  See Ferguson v. Avelo Mortgage, LLC., No. B223447, 2011 WL 2139143, at *2 (Cal.App.2d June 1, 2011).  Courts of this District have held that an action for quiet title "should be dismissed where plaintiff's claim is not based on a cognizable legal theory." Manderville v. Litton Loan Servicing, 2011 WL 2149105, at *3 (D.Nev. May 31, 2011) (internal quotation marks omitted).

      Plaintiff claims an adverse interest in the Property but has not alleged an absence of default, and has failed to show that she has satisfied all encumbrances against the Property.  Plaintiff has not plead specific facts showing that title could be quieted in her name or that she could meet her burden of proving good title in herself.  Accordingly, the claim for quiet title fails.

      Additionally, Plaintiff's arguments that the Notice of Default was defective and that MERS lacks authority to foreclose are without merit.  See N.R.S. 107.080; and see e.g. Urbina v. Homeview Lending Inc., 681 F.Supp.2d 1254 (D.Nev.2009) (holding that "Defendants do not need to produce the note to the property in order to proceed with a non-judicial foreclosure.")

      Even if there was merit to these claims, quiet title would not necessarily rest with Plaintiff. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1044 (9th Cir.2011) (even if procedural defect claim were true, "we would reject the plaintiff['s] conclusion that, as a necessary consequence, no party has the power to foreclose.")  Accordingly, Defendants' Motion to Dismiss the quiet title claim is granted.

    I.  Injunctive Relief Claim

      Injunctive relief is not a separate cause of action or an independent ground for relief. *See*, In re Wal-Mart Wage & Hour Employment Practices Litig., 490 F.Supp.2d 1091, 1130 (D.Nev. 2007).

Plaintiff has failed to state any claim for which injunctive relief could be granted and has not pled facts showing her entitlement to such relief. Accordingly, the request for injunctive relief is denied.

III.  Conclusion

**IT IS HEREBY ORDERED THAT** Defendants' Motion to Dismiss (#10) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to File Sur-Reply (#17) to Defendants Reply (#16) is **DENIED** as **MOOT.**

DATED this 14th day of June 2012.

_____
Kent J. Dawson
United States District Judge